UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CARRIE N. MARTIN | ) | |
| | ) | Case No.: 1:20-cv-02072 |
| Plaintiff, | ) | |
| | ) | Judge: |
| -v- | ) | |
| | ) | |
| CAPITAL ONE BANK (USA), N.A. | ) | **COMPLAINT** |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

Plaintiff, Carrie N. Martin, for her Complaint against Capital One Bank (USA), N.A. ("Defendant"), states as follows:

NATURE OF THE ACTION

1.     Plaintiff brings this action seeking damages pursuant to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA"), stemming from Defendant's unlawful assessing of Plaintiff's credit report information subsequent to her Chapter 7 bankruptcy discharge.

JURISDICTION AND VENUE

2.     This action arises under and is brought pursuant to the FCRA.  Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States.

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as Defendant transacts business within this district and division, the subject credit agreement was entered into in this district and division, and the events and/or omissions giving rise to the claims made in this Complaint occurred within this district and division.

<u>Parties</u>

4.     Plaintiff, Carrie N. Martin ("Martin"), is a natural adult person residing in Indianapolis, Indiana, and is a "person" and "consumer" as those terms are defined and/or used within the FCRA.

5.     Defendant, Capital One Bank (USA), N.A. ("Capital One"), is a national bank engaged in the business of consumer credit lending and servicing in the State of Indiana and throughout the United States.

6.     Capital One is a "user" and "furnisher" of consumer credit and other financial information as those terms are defined, used and/or contemplated within the FCRA.

7.     Capital One acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and/or insurers at all times relevant to this action.

<u>Facts Supporting Cause of Action</u>

8.     On April 1, 2018, Martin filed for Chapter 7 bankruptcy relief in the United States Bankruptcy Court for the Southern District of Indiana (Indianapolis).  The case was listed on the docket as case number 18-02309-JMC-7 (the "Bankruptcy Case").  A copy of the docket from the Bankruptcy Case is attached to this Complaint as Exhibit A.

9.     Capital One asserted a pre-petition claim against Martin in an attempt to collect a credit card debt.  The Capital One claim was listed in "Schedule E/F" of Martin's bankruptcy petition as an unsecured claim.

10.     On April 4, 2018, Capital One received formal notice of the Bankruptcy Case from the Bankruptcy Noticing Center.  *See Notice of Chapter 7 Bankruptcy Case*, a copy of which is attached to this Complaint as Exhibit B, at page 1 of 3.

11.     On July 24, 2018, the bankruptcy court issued an order granting Martin a discharge in the Bankruptcy Case (the "Discharge Order").  A copy of the Discharge Order is attached to this Complaint as Exhibit C.

12.     On July 25, 2018, Capital One received formal notice of the Discharge Order from the Bankruptcy Noticing Center.  *See* Exhibit C at page 1 of 3.

13.     The Discharge Order terminated all rights that Capital One had against Martin with respect to the subject credit card debt.

14.     Included in the Discharge Order was an explanation of the general injunction prohibiting creditors holding pre-petition claims, including Capital One, from attempting to collect on those claims from Martin.  *See* Exhibit C at page 2 of 3.

15.     At no time has Capital One objected to or disputed the details of the subject claim included in the April 1, 2018 schedules filed in the Bankruptcy Case.  *See* Exhibit A.

16.     At no time has Martin reaffirmed the subject debt with Capital One.  *Id.*

17.     At no time has any pre-petition claim belonging to Capital One been declared to be non-dischargeable in bankruptcy.  *Id.*

18.     At all times relevant to this Complaint, Capital One had actual knowledge that Martin was: (i) the debtor in a Chapter 7 bankruptcy; (ii) granted a discharge in the Bankruptcy Case; and (iii) subsequently protected from any direct or indirect collection acts whatsoever by virtue of the injunction provided under applicable bankruptcy law, specifically 11 U.S.C. § 524.

19.     Despite its actual knowledge of the Discharge Order, Capital One has accessed and/or obtained Martin's consumer report from "the big three" national consumer reporting agencies – Experian, Trans Union and Equifax – subsequent to July 24, 2018, the date of the

Discharge Order.  Relevant pages from Martin's Experian credit report, dated December 23, 2019, are attached to this Complaint as Exhibit D.

20.    On each occasion that Capital One has accessed and/or obtained Martin's credit report subsequent to July 24, 2018, the date of the Discharge Order, it represented to Experian, Trans Union and/or Equifax that it was authorized to do so for an "account review" purpose.

21.    At the time of each such "account review" inquiry by Capital One, Martin's credit reports reflected that she had no open accounts with Capital One.  *See* Exhibit D.

22.    After a reasonable time to conduct discovery, Martin believes she can prove that all actions taken by Capital One as described in this Complaint, *supra*, were taken willfully, with reckless disregard for her rights and/or with knowledge that its actions were taken in violation of the law.

<u>DAMAGES</u>

23.    The conduct of Defendant has been the producing and proximate cause of past, present and future mental distress and anguish stemming from the ongoing invasion of Plaintiff's privacy and other damages that will be presented to the jury.

24.    Plaintiff justifiably fears that, absent this Court's intervention, Defendant will: (i) continue to unlawfully access her personal and private credit report information; (ii) attempt to collect payment from her on the discharged debt at issue; and (iii) cause unwarranted harm to her credit or other economic harm.

25.    Due to Defendant's conduct, Plaintiff has ultimately come to question the validity of the Bankruptcy Case and the protections it has afforded her.

26.    Due to Defendant's conduct, Plaintiff was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this claim.

27.     Due to Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Capital One and other users of consumer credit information from engaging in the unlawful practices described in this Complaint.

## GROUNDS FOR RELIEF

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### *15 U.S.C. § 1681b*

28.     All prior paragraphs are incorporated into this count by reference.

29.     Defendant is a "user" and "furnisher" of consumer credit and other financial information, as those terms are defined, used and/or contemplated in the FCRA.

30.     The "account review" information regarding Plaintiff that was accessed and/or obtained by Defendant constitutes a "consumer report" as that term is defined in the FCRA.

31.     The FCRA restricts a prospective user from obtaining a consumer report unless authorized by the subject consumer or unless the user has a "permissible purpose" as that term is defined, used and/or contemplated under the FCRA.

32.     On no less than one occasion subsequent to July 24, 2018, the date of the Discharge Order, Defendant accessed and/or obtained Plaintiff's consumer report from Experian, Trans Union and/or Equifax.

33.     On each such occasion that Defendant has accessed and/or obtained Plaintiff's consumer report subsequent to July 24, 2018, the date of the Discharge Order, Defendant represented to Experian, Trans Union and/or Equifax that such access was authorized for an "account review" purpose.

34.     At all relevant times, Defendant had actual knowledge that the subject credit card debt was included and discharged in the Bankruptcy Case and, therefore, that it was legally

prohibited from pursuing any further collection against or even communicating with Plaintiff about the subject debt.

35.     As such, on each occasion that Defendant accessed and/or obtained Plaintiff's consumer report subsequent to July 24, 2018, the date of the Discharge Order, Defendant had actual knowledge that it did not have a permissible purpose under the FCRA to obtain such information.

36.     In accessing and/or obtaining Plaintiff's private credit information with actual knowledge that it did not have a permissible purpose to do so, Defendant willfully violated the FCRA for each such inquiry it made.

37.     After a reasonable time to conduct discovery, Plaintiff believes she can prove that Defendant has received hundreds of disputes from consumers like Plaintiff, complaining of the same conduct as alleged in this Complaint, *i.e.*, Defendant's practice of obtaining consumer reports on individuals who have received a discharge in bankruptcy.

38.     After a reasonable time to conduct discovery, Plaintiff believes she can prove that, despite its receipt of disputes from consumers, Defendant intentionally, knowingly and/or recklessly chooses not to correct its policies and procedures with respect to obtaining consumer reports after bankruptcy discharges.

39.     As a direct and proximate result of Defendant's violations of the FCRA, Plaintiff has suffered and will continue to suffer considerable harm and injury, as described in paragraphs 23 through 27, *supra*, entitling Plaintiff to an award of actual damages in an amount to be proved at trial, plus attorneys' fees together with the costs of this action pursuant to 15 U.S.C. § 1681o.

40.    Defendant's conduct reveals a conscious and reckless disregard of Plaintiff's rights, entitling Plaintiff to statutory damages in an amount of up to $1,000.00 per violation pursuant to 15 U.S.C. § 1681n(a)(2).

41.    The harm suffered by Plaintiff is attended by circumstances of willful misconduct, entitling Plaintiff to punitive damages pursuant to 15 U.S.C. § 1681n(a)(2).

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff, Carrie N. Martin, respectfully requests that this Court enter judgment in her favor as follows:

A.    Awarding Plaintiff actual damages, in such an amount as determined by the jury, as provided under 15 U.S.C. § 1681o;

B.    Awarding Plaintiff statutory damages, in such an amount as determined by the jury, as provided under 15 U.S.C. § 1681n;

C.    Awarding Plaintiff punitive damages, in such an amount as determined by the jury, as provided under 15 U.S.C. § 1681n;

D.    Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1681o; and

E.    Awarding Plaintiff such other and further relief as may be just and proper.

DATED this 7th day of August, 2020.          Respectfully Submitted,

_/s/ Geoff B. McCarrell_
Geoff B. McCarrell #0086427
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
geoff.m@consumerlawpartners.com

*Attorneys for Plaintiff, Carrie N. Martin*

## JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

 */s/ Geoff B. McCarrell*
Geoff B. McCarrell (OH #0086427)
CONSUMER LAW PARTNERS, LLC